## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

RAMÓN ANTONIO LOPEZ,

               Plaintiff,

  v.

JEFFREY McGILL, et al.,

               Defendants.

3:08-CV-01931 (CSH)

## INITIAL REVIEW ORDER

HAIGHT, Senior District Judge:

### I.  BACKGROUND

Plaintiff Ramón Antonio Lopez ("Lopez"), currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983.  He names as defendants Warden Jeffrey McGill, District Administrator Wayne Choinski and Commissioner of Correction Theresa Lantz.

Under 28 U.S.C. § 1915(e)(2), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim."  *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005).  The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the

grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)).  Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim *plausible*."  *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007), *cert. granted sub nom.*, *Ashcroft v. Iqbal*, 128 S. Ct. 2931 (2008).  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

Lopez contends that the defendants violated his state and federal constitutional rights by placing him on "grievance restriction," a status which prevents him from filing further institutional grievances for a period of six months.  He also alleges that the grievance restriction is itself a form of retaliation against activities that he asserts are constitutionally protected, such as writing a letter to a federal judge in 2006, and filing several lawsuits in federal court in 2008.

The particular form of retaliation that Lopez alleges in this case is that on September 4, 2008, in accordance with Administrative Directive 9.6, section 6N, defendant McGill placed him on grievance restriction for six months.  The purported reason for this restriction was that Lopez had filed more than seven institutional grievances during a sixty-day period.  Lopez concedes that he filed "numerous" grievances, but he alleges that defendant McGill "only cites eight grievances as his rationale, basis, or premise for placing the Plaintiff on 'Grievance Restriction.' Certainly one or even two grievances over the limit does not constitute 'abuse.'" Compl. ¶¶ 25, 27.  Lopez appealed the restriction, and Defendant Choinski denied that appeal.  Lopez seeks only declaratory and injunctive relief.

-2-

Lopez's Complaint also describes other alleged retaliatory acts by correctional staff, to provide background information for his claims.   But the case at bar pertains to the grievance restriction only.   In 2008 and 2009, he has filed seven other federal lawsuits in this judicial district that address other actions by prison staff, which he similarly claims were forms of "retaliation" against constitutionally protected activities.   *See Lopez v. Dzurenda, et al.*, Case No. 3:08-cv-00161(SRU); *Lopez v. Esposito, et al.*, Case No. 3:08-cv-00152(WWE); *Lopez v. McEwan, et al.*, 3:08-cv-00678(JCH); *Lopez v. Falcone, et al.*, 3:08-cv-01158(CSH); *Lopez v. Lantz, et al.*, 3:08-cv-01865(CSH); *Lopez v. Lantz, et al.*, 3:09-cv-00022(CSH); *Lopez v. Lantz et al.*, 3:09-cv-00038(CSH).

## II.   DISCUSSION

### A.   Duplication of Claims

A district court has substantial discretion to manage its docket efficiently to avoid duplicate litigation, "in the comprehensive management of litigation in its court." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000).   A plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.*   Thus, a court may dismiss an action when a prior pending action has been filed as long as the "controlling issues in the dismissed action will be determined in the other lawsuit."   5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360, at 442 (3d ed. & Supp. 2008).   "[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience ... or ... special circumstances ... giving priority to the second." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (omissions in *First City*)); *see also Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir.

2001); *Gyadu v. Hartford Ins. Co.*, No. 3:96-cv-1755 (D. Conn. Apr. 21, 1997) (Squatrito, J.) (dismissing case under "prior pending action doctrine" where plaintiff could raise all causes of action by amended complaint in his first action), *aff'd*, 133 F.3d 907, 1998 WL 30470 (2d Cir. Jan. 28, 1998) (summary order).

Lopez asserts four claims in this case.  His first claim is for a declaratory judgment of his rights and remedies.  His second claim alleges that defendants have retaliated against him "because [defendants] are opposed to the Plaintiff's 'jailhouse lawyer activities,'" and it alleges that the policy of grievance restriction violates Lopez's right "to free speech, expression, petition, and protest" under the First Amendment, and his right to equal protection under the Fourteenth Amendment. Compl. ¶¶ 42, 43(A)-(B).  His third claim alleges a violation of his rights under the Connecticut Constitution.  Finally, his fourth claim alleges a violation of his First Amendment rights but seeks review pursuant to the provisions of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, because in his view defendants "have no authority and power to override the exhaustion requirement of the Prison Litigation Reform Act."  Compl. ¶ 53.

The first count seeks the exact same relief sought in the first count of the action that Lopez filed immediately prior to this action.  *See* Compl. [doc. #1] ¶ 77-79 (dated Nov. 24, 2008), *Lopez v. Lantz, et al.*, 3:08-cv-01865(CSH) (D. Conn. filed Dec. 9, 2008) [hereinafter "*Lopez 1865*"].  To the extent the Complaint in the case before me now alleges new facts in further support of his rights to declaratory relief, those allegations may be consolidated into the previous action by way of an amended complaint, and this Court will permit such an amendment.[1]  Because Lopez already has this

---

[1]      Furthermore, the Complaint in the present action is dated less than three weeks after the complaint in *Lopez 1865*, so it is hard to imagine that amending the previous complaint to include these new developments would work hardship on any party.

same cause of action pending in his previous complaint, the first count is dismissed under the prior pending action doctrine.

I turn now to the second count.  In *Lopez 1865*, plaintiff names, *inter alia*, the three defendants in this case,[2] alleges that his September 4, 2008 placement on grievance restriction was a retaliatory act, and seeks review under 42 U.S.C. § 1983.  Specifically, he seeks relief for the violation of his constitutional "right to free speech, expression, petition and protest, in violation of the First Amendment of the United States Constitution." Compl. [doc. #1] ¶ 84(A), *Lopez 1865*; *see also id.* ¶¶ 47-48.  Similarly, that earlier complaint also alleges that defendant violated "[t]he Plaintiff's Fourteenth Amendment rights to Equal Protection of the Laws." *Id.* ¶ 84(F).  Thus, all of the claims that appear in the second count of this Complaint are included in the *Lopez 1865* complaint.[3]  Therefore, all claims in the second count are all dismissed under the prior pending action doctrine.

For the moment, I leave aside the claims under the Connecticut Constitution and turn next to the claims in the fourth count.  According to its caption, this count seeks to address a "violation of First Amendment rights, pursuant to 5 U.S.C. § 702." Compl. at 14.  To the extent this claim goes

---

[2]    The fact that the named defendants are not identical in these cases is not dispositive, since the defendants in the different cases are in privity.  *See Barclay v. Lowe*, 131 Fed. Appx. 778, 779 (2d Cir. May 24, 2005) ("Although Barclay named different defendants in the second suit than in the first, the suits are nonetheless duplicative because the defendants in the second suit are in privity with the defendants in the first suit. All defendants . . . and their interests are adequately represented by those in the first suit who are 'vested with the authority of representation.'" (quoting *Alpert's Newspaper Delivery, Inc. v. N.Y. Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989))).

[3]    In this count, Lopez also seeks relief under 42 U.S.C. §§ 1985 and 1986.  Compl. ¶ 44. These claims are meritless, for reasons I describe *infra*, but in any event, they too are included in the *Lopez 1865* complaint, as the third and fourth counts therein.

beyond the second count, it is unavailable because Lopez is a prisoner "in the custody of the Connecticut Commissioner of Correction," and because the defendants are state employees "sued in their official capacities."  Compl. ¶¶ 4-5.  Lopez cannot challenge the substance or procedure of *state* agency decisions under the federal Administrative Procedure Act ("APA"), which permits judicial review of some decisions made by *federal* agencies.   Lopez specifically invokes 5 U.S.C. § 702, which states in part that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  But the previous section of the APA specifically defines "agency" as "each authority *of the Government of the United States* . . . ."  5 U.S.C. § 701 (emphasis added). Therefore, the fourth count must be dismissed as frivolous pursuant to 28 U.S.C. § 1915A.

Finally, I turn to the state law claims.  Under 28 U.S.C. § 1367, federal courts "shall" have supplemental jurisdiction over claims "that are so related to claims" over which they have original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."   But if "the district court has dismissed all claims over which it has original jurisdiction," then it "may" decline to exercise its supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). "In providing that a district court 'may' decline to exercise such jurisdiction, this subsection is permissive rather than mandatory. . . .  The proper scope of the district court's discretion, however, is not boundless."  *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (citations omitted).  "Thus, 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *see also Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  Because

I have dismissed all of plaintiff's federal law claims, and because this case has not even begun, I decline to exercise supplemental jurisdiction over any state law claims.  Of course, Lopez may assert these claims in an amended version of the *Lopez 1865* complaint, if he so desires.

**B.     Lopez's Claims for Preliminary Relief**

I have already determined that this Complaint does not allege enough new facts or legal theories to justify a separate action unto itself.  To the extent necessary, Lopez will be permitted to amend his complaint in *Lopez 1865*.  But as in other previous actions (including *Lopez 1865*), Lopez also seeks preliminary injunctive relief.  Therefore, before dismissing the action entirely, I turn to investigate whether any of his claims are sufficiently meritorious and urgent to counsel another result.

**1.     Temporary Restraining Order**

In this action, Lopez seeks a temporary restraining order ending his period of grievance restriction.  *See* Motion for Temporary Restraining Order [doc. #3].  Pursuant to Rule 65(b), Fed. R. Civ. P., a temporary restraining order may be entered on an emergency basis in order to prevent "immediate and irreparable injury, loss or damage" from occurring before the opposing party can be heard.  The function of a temporary restraining order is to maintain the status quo for a very brief period of time — usually only until a hearing can be held.  *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974).

To maintain the status quo in this action would actually achieve the opposite of what Lopez wants.  Lopez was already on "grievance restriction" when he filed this case, so a temporary restraining order would *keep him* in that status.  Because it is clear to me that this is not the relief Lopez seeks, his request for temporary restraining order is denied and his motion for an evidentiary

hearing to support his request for temporary restraining order is denied as moot.

### 2.    Preliminary Injunction

Lopez also seeks a preliminary injunction ordering the defendants to cancel his grievance restriction.[4]  But interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and citation omitted).

To prevail on a motion for preliminary injunctive relief, the moving party must establish "(1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied." *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 152-53 (2d Cir. 2007).

But a higher standard applies if a party seeks a mandatory injunction — that is, an injunction that alters the status quo by commanding the defendant to perform a positive act.  Because Lopez asks this Court to order defendants to lift his grievance restriction, he must meet this higher standard. "[I]n addition to demonstrating irreparable harm, '[t]he moving party must make a clear or substantial showing of a likelihood of success' on the merits, . . . a standard especially appropriate

---

[4]      Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir. 1997).  Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony."  7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995).  Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

when a preliminary injunction is sought against government." *D.D. ex rel. V.D. v. N.Y. City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (citations omitted).

In other words, Lopez must make a clear or substantial showing that the imposition of the grievance restriction actually did violate his federal constitutional rights. Lopez argues that the grievance restriction violates his First Amendment right to petition for redress of grievances and his Fourteenth Amendment right to equal protection of the laws. He also argues that the grievance restriction frustrates his ability to vindicate those rights, by preventing him from exhausting his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Because the latter effect would be the most prejudicial to a later determination of his substantive rights, I address it first.

Lopez argues that the Constitution prohibits defendants from restricting his ability to file institutional grievances because that restriction frustrates his ability to raise Constitutional claims under the PLRA. But the PLRA does not require exhaustion of all remedies; it requires exhaustion of such administrative remedies "as are available." 42 U.S.C. § 1997e(a). Other courts have held that administrative remedies are unavailable where the inmate has been placed on grievance restriction. *See, e.g., Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000). While this precise question has not been reached in the Second Circuit, I am convinced that other precedents in this Circuit lead to that conclusion. *See, e.g., Ziemba v. Wezner*, 366 F.3d 161, 163-64 (2d Cir. 2004) (the state may be estopped from asserting exhaustion as an affirmative defense if it has "deliberate[ly] obstruct[ed] access to the grievance system"); *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) ("Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact 'available' to the prisoner."); *cf. also*

*Jones v. Bock*, 549 U.S. 199, 212 (2007) (exhaustion is an affirmative defense, not jurisdictional, and need not be pleaded in a complaint). Thus, the PLRA's exhaustion requirement does not imply that the grievance restriction will preclude Lopez from raising his constitutional claims in federal court.

I turn next to Lopez's claims under the First Amendment. It is well established that prisoners retain the constitutional right to petition the government for the redress of grievances, which is situated in the First Amendment. U.S. Const. amend. I ("Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances."). One aspect of this right is the right of access to the courts. *See Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983); *see also BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525, 122 S.Ct. 2390, 2396 (2002) ("We [have] made explicit that the right to petition extends to all departments of the Government, and that the right of access to the courts is but one aspect of the right of petition." (internal quotation marks, brackets, ellipsis, and citation omitted)).

But the Supreme Court has never held that the Constitution requires state-run prisons to have formal grievance procedures, or that prisoners have access to them, and I decline to do so today. The grievance procedures in this case are presumably created under state law. Thus, denial of access to the grievance process or violation of grievance procedures does not by itself give rise to a constitutional violation. *See Harris v. Westchester County Dep't of Corr.*, No. 06-Civ-2011(RJS), 2008 WL 953616, at *5 (S.D.N.Y. Apr. 3, 2008) (collecting district court cases within the Second Circuit); *see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("[T]he prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.").

Thus, plaintiff's claim that the grievance restriction directly limits his First Amendment right

to petition the government for redress of grievances fails as a matter of law.  The claim that the grievance restriction is a form of retaliation, meant to intimidate him from availing himself of his rights of access to the courts, is potentially meritorious.  But that claim can wait to be addressed in the *Lopez 1865* action.  At present, Lopez cannot demonstrate any likelihood of irreparable harm resulting from the restriction, since he continues to avail himself of his right of access to the courts on a regular basis.

Lopez may also be arguing that by cutting off his access to the prison's grievance procedures, the grievance restriction has silenced a kind of "speech."  If this is his claim, it does not find any support in the First Amendment.  Lopez has not alleged that he is less free to communicate with the outside world or even with other inmates about his grievances, and "individuals' rights to express their views and to associate with others for communicative purposes. . . . do not entail any government obligation to listen." *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 287, 104 S.Ct. 1058, 1067 (1984).

Plaintiff next argues that the defendants violated his rights under the Equal Protection Clause by placing him on grievance restriction.  To establish an equal protection violation, plaintiff "must prove purposeful discrimination . . . directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) (internal citations omitted).  Prisoners are not considered a suspect or protected class for equal protection purposes. *See Allen v. Cuomo*, 100 F.3d 253, 260 & n.1 (2d Cir. 1996).  Plaintiff fails to state a traditional equal protection claim because he has not alleged that he has been subjected to any discriminatory treatment based on his membership in an identifiable or suspect class.

Further, to the extent that plaintiff's equal protection claim is based on a "class of one"

theory, it also fails.  To state a valid equal protection "class of one" claim, plaintiff must allege (1) that he has been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the difference in treatment.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  To prevail on a "class of one" claim, plaintiff must allege an "extremely high degree of similarity" with the person to whom plaintiff is comparing himself.  *Doninger v. Niehoff*, 527 F.3d 41, 53 (2d Cir. 2008).  "The standard for determining whether another person's circumstances are similar to the plaintiff's must be . . . whether they are 'prima facie identical.'"  *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005) (quoting *Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002)), *overruled on other grounds*, *Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008).

In this case, Lopez alleges that the defendants applied the standard in the Administrative Directive for abuse of the grievance process and placed him on grievance restriction for six months. He does not allege that he was singled out for special treatment.  Rather, he alleges that the defendants followed the institutional rules.  Plaintiff has not even identified any similarly situated inmates, that is, inmates who file more than the permissible number of institutional grievances, who were treated differently from him, much less shown an "extremely high" level of similarity between them.

In short, plaintiff's equal protection claims pertaining to his grievance restriction are meritless, and thus the Court must dismiss them pursuant to 28 U.S.C. § 1915A.

Finally, Lopez also raises claims pursuant to 42 U.S.C. §§ 1985 and 1986.  *See* Compl. ¶ 44. The first two subsections of 42 U.S.C. § 1985 clearly are not relevant to this action.  Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial

proceedings.  Plaintiff is not a federal official and his claims are not related to participation of witnesses in judicial proceedings.

Generally, section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws.  In order to state a claim pursuant to this provision, plaintiff must allege: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act taken in furtherance of the conspiracy; and (4) an injury to his person or property, or a deprivation of a right or privilege.  *Iqbal*, 490 F.3d at 176.  Importantly, plaintiff must show that the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus. *Id.*  Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights.  *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

Lopez alleges no facts suggesting that the actions of any defendant were taken because of his race or other discriminatory animus and the Court has determined above that he fails to allege facts stating an equal protection claim.  Thus, he fails to state a claim cognizable under section 1985(3). The section 1985 claims are therefore dismissed as frivolous pursuant to 28 U.S.C. § 1915A.

Section 1986 provides relief only if "any of the wrongs conspired to be done, and mentioned in section 1985 of this title" are actually "committed."  42 U.S.C. § 1986.  In other words, "a § 1986 claim must be predicated on a valid § 1985 claim." *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000) (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993)), *overruled in part on other grounds by Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002).  Because the Court has dismissed plaintiff's section 1985 claim, the section 1986 claim must be dismissed as

well.

III.  **ORDERS**

In accordance with the foregoing analysis, the Court enters the following orders:

(1)  Plaintiff's challenge to the grievance restriction as violating his First and Fourteenth Amendment rights is **DISMISSED** pursuant to 28 U.S.C. § 1915A because plaintiff has no constitutionally protected right to a prison grievance procedure, his right of access to the courts is not limited by such a restriction, and he fails to state a claim for any other violation of his First Amendment rights or his right to equal protection under the Fourteenth Amendment.

(2)  All claims asserted by plaintiff pursuant to 42 U.S.C. §§ 1985 and 1986, as well as those pursuant to 5 U.S.C. § 702, are **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

(3)  Plaintiff's claims that the grievance restriction was imposed in retaliation for prior lawsuits or complaints to the court and that it violated his First Amendment right to free speech are **DISMISSED** under the prior pending action doctrine as he included these claims in a previously filed case.  Plaintiff is hereby granted thirty (30) days to amend his complaint in *Lopez v. Lantz*, 3:08-cv-01865(CSH), to include any additional facts from this Complaint, and any claims from this Complaint that have not been dismissed as frivilous or as a matter of law.

(4)  The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

(5)  Plaintiff's motions for a temporary restraining order [**doc. #3**] and for an evidentiary

-14-

hearing [**doc. #4**] are **DENIED** as moot.

(6)     **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint

and this Order to the Connecticut Attorney General and the Department of Correction

Legal Affairs Unit.

(7)     The Clerk shall enter judgment and close this case.

**It is SO ORDERED.**

Dated: New Haven, Connecticut
        January 21, 2009

                            _/s/ Charles S. Haight, Jr._
                            Charles S. Haight, Jr.
                            Senior United States District Judge

-15-