UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAMÓN ANTONIO LOPEZ,<br><br>              Plaintiff,<br>v.<br><br>JEFFREY McGILL, et al.,<br><br>              Defendants. | 3:08-CV-01931 (CSH) |

**SUPPLEMENTAL ORDER**

HAIGHT, Senior District Judge:

Yesterday, the Second Circuit Court of Appeals issued a decision in *Lebron v. Sanders*, No. 08-2054-pr, slip op. at 4-6 (2d Cir. Jan. 26, 2009) (per curiam), *available at* http://tinyurl.com/bwlzzk. That opinion grants the appellant in that case an extension of time to file motions, based in part on his inability to access unpublished opinions that were cited in the district court's opinion dismissing his habeas petition.

In that opinion (which is attached to this Order), the Second Circuit notes that Local Civil Rule of the Southern and Eastern Districts of New York 7.1(c) requires counsel who cite or rely on unpublished opinions to provide a *pro se* litigant with copies of those opinions.[1] It also expresses "concern[] about the impact on the appearance of justice when *pro se* litigants may not have financial access to case authorities that form the basis of a court's decision, thereby hampering the litigants' opportunities to understand and assert their legal rights." While the district court was under no direct obligation to provide the appellant with the unpublished opinions upon which it relied, the Second

---

[1] The District of Connecticut does not appear to have any such rule.

Circuit was apparently swayed by the interests underlying the Local Rule that was violated by counsel.

> The availability to *pro se* indigent litigants of case authorities available only in fee-based electronic databases and other access-limited, fee-based publications like the *Federal Appendix* is an important issue for courts to consider. We believe that the Judicial Council of the Second Circuit is the body best suited to consider this issue in the first instance and determine whether further local or other rules should be developed to address this situation.
>
> In the interim, we hope that district courts will be sensitive both to ensuring that their local rules are strictly enforced and to considerations of whether pro se indigent litigants will have access, without cost, to review the case law relied upon by a district court in ruling upon the litigants' claims.

*Id.* at 5 (footnote omitted).

Plaintiff Lopez in this case is a prisoner in the custody of the State of Connecticut, and he has filed several complaints alleging retaliation and various violations of his constitutional rights. In an Initial Review Order dated January 21, 2009 [doc. #5], this Court dismissed all of the claims in the instant Complaint [doc. #1]. In the Court's legal discussion and analysis of Lopez's claims, it cited four opinions that were either unpublished or available only online. And as the Second Circuit noted in *Lebron*, it is unclear whether prisoners have access to the free website that reproduces all recent Second Circuit opinions (http://www.ca2.uscourts.gov). *Lebron v. Sanders*, slip op. at 2 n.1.

Furthermore, because Lopez's entire Complaint in this action was dismissed at the initial review order stage, pursuant to 28 U.S.C. § 1915(e)(2), no opposing counsel had yet appeared, and no memoranda of law were submitted in opposition to Lopez's claims. In other words, even if a local rule had required counsel to provide copies of unpublished opinions to *pro se* litigants, that rule would not have provided any help to Lopez, since no counsel has appeared or will appear in this

matter.

Therefore, in deference to the Second Circuit's "interim" suggestion that district courts be "sensitive . . . to considerations of whether *pro se* litigants will have access, without cost, to review the case law relied upon by a district court in ruling upon the litigants' claims," **the Clerk of the Court is hereby directed to send to Lopez copies of any unpublished opinions upon which the Court relied in its Initial Review Order of January 21, 2009 [doc. #5]**. In the first instance, it is probably appropriate to place the burden of obtaining and sending such opinions to *pro se* litigants on the counsel who rely on those opinions. But where opposing counsel is unavailable or uncooperative, it is also appropriate for a district court to assume final responsibility for the cost and inconvenience of ensuring that *pro se* litigants are able to understand the legal foundation that forms the basis of its decisions in their cases.

It is SO ORDERED.

Dated: New Haven, Connecticut
January 27, 2009

                                      */s/ Charles S. Haight, Jr.*
                                      Charles S. Haight, Jr.
                                      Senior United States District Judge